## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ANTONIO T. REID,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.  4:21-cv-00972** |
| **v.** | ) | |
| | ) | |
| **KILLARK ELECTRIC,** | ) | |
| | ) | **Removal from** |
| **HUBBELL INCORPORATED D/B/A** | ) | **St. Louis County Circuit Court** |
| **KILLARK ELECTRIC,** | ) | **Case No. 21SL-CC02726** |
| **and** | ) | |
| **HUBBELL INCORPORATED** | ) | |
| **DELAWARE D/B/A KILLARK** | ) | |
| **ELECTRIC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF REMOVAL

Defendants, Killark Electric, Hubbell Incorporated d/b/a Killark Electric, and Hubbell Incorporated (Delaware) d/b/a Killark Electric ("Defendants"), by and through undersigned counsel, hereby remove the above-referenced lawsuit filed by Plaintiff Antonio T. Reid ("Plaintiff") in the Circuit Court of St. Louis County, Missouri.  For their Notice of Removal, Defendants state as follows:

1.     On June 17, 2021, Plaintiff filed a four Count Petition for Damages against Defendants in the Circuit Court of St. Louis County, Missouri.  The Petition for Damages purports to assert claims pursuant to the Missouri Human Rights Act ("MHRA").  The Petition for Damages incudes claims for Hostile Work Environment – Race (Count I), Hostile Work Environment – Retaliation (Count II), Race Discrimination (Count III), and Retaliation (Count IV).  In addition, the Petition for Damages issues a Constitutional Challenge to the Application of Missouri Senate Bills 43 and 591.

2. The Notice of Removal is being filed within thirty (30) days of service of process on Defendants. Defendants were served with a copy of Plaintiff's Petition for Damages on July 7, 2021.

3. A copy of Plaintiff's State Court Action is attached hereto as **Exhibit A**.

4. The instant lawsuit is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1332 by virtue of diversity jurisdiction in that the lawsuit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs:

a. Plaintiff is alleged to be a citizen of Missouri. *See* Petition, ¶ 2.

b. Defendant Hubbell Incorporated (Delaware) d/b/a Killark Electric, Plaintiff's employer, is a Delaware corporation with its principal place of business in Shelton, Connecticut. *See* Declaration of Lori Sharp, ¶¶ 5-6, incorporated herein and attached hereto as **Exhibit B**.

c. Defendant Hubbell Incorporated, the parent company of Defendant Hubbell Incorporated (Delaware) d/b/a Killark Electric, is a Connecticut corporation with its principal place of business in Shelton, Connecticut. *See* Declaration of Lori Sharp, ¶ 7, incorporated herein and attached hereto as **Exhibit B**.

d. Killark Electric is not a legal entity and is not registered in the State of Missouri. Killard Electric is only a "d/b/a." *See* Declaration of Lori Sharp, ¶ 8, incorporated herein and attached hereto as **Exhibit B**.

e. The amount in controversy exceeds $75,000, exclusive of interests and costs, as Plaintiff is seeking damages in excess of $25,000, including both actual and punitive damages, and attorneys' fees. A plaintiff who prevails on the claims asserted in Plaintiff's lawsuit are entitled to recover actual damages (including lost wages and benefits), punitive damages, emotional distress damages, and attorneys' fees. When determining whether the requisite jurisdictional amount has been met, courts consider in the aggregate all forms of relief requested, including emotional distress, punitive damages and statutory attorneys' fees. Crawford v. F. Hoffman La Roche, 267 F.3d 760, 766 (8th Cir. 2001) (punitive damages and statutory attorneys' fees count in the calculation of amount in controversy); Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994) (actual damages and punitive damages count toward the amount in controversy); Riffert v. Walgreen Co., 2008 U.S. Dist. LEXIS 12751 (E.D. Mo. Feb 20, 2008) (emotional distress,

2

punitive damages, and attorneys' fees included in calculation of amount in controversy).

5.      No previous application has been made for the relief requested herein.

6.      The United States District Court for the Eastern District of Missouri encompasses St. Louis County, Missouri, where the state court action is now pending, and so this action is properly removed to the Eastern District of Missouri pursuant to 28 U.S.C. § 1441(a).

7.      This Notice of Removal is accompanied by written Notice to Plaintiff, and a written Notice to Clerk of Removal filed with the Clerk of the Circuit Court of St. Louis County, Missouri, on this date, all as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Killark Electric, Hubbell Incorporated d/b/a Killark Electric, and Hubbell Incorporated (Delaware) d/b/a Killark Electric provide Notice of Removal of the above-styled action pending in the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri.

Respectfully Submitted,

JACKSON LEWIS P.C.

/s/ Adam D. Hirtz
Adam D. Hirtz, #48448MO
Morgan E. Knott #71974MO
222 South Central Avenue, Suite 900
St. Louis, Missouri 63105
Telephone:  (314) 827-3939
Facsimile:  (314) 827-3940
adam.hirtz@jacksonlewis.com
morgan.knott@jacksonlewis.com

*Attorneys for Defendants*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August, 2021, I served a true and correct copy of the foregoing via the Court's Electronic Filing System and Email upon the following counsel of record:

Douglas Ponder, Esq.
Jaclyn M. Zimmerman, Esq.
Ponder Zimmerman LLC
20 South Sarah Street
St. Louis, Missouri 63108
Telephone:  (314) 272-2621
Facsimile:  (314) 272-2713
dbp@ponderzimmerman.com
jmz@ponderzimmerman.com

*Attorneys for Plaintiff*

/s/ Adam D. Hirtz

4819-0784-4340, v. 1