

Search for Cases by:  Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print          GrantedPublicAccess  Logoff ADAMSMOBAR48448

**21SL-CC02726 - ANTONIO T REID V KILLARK ELECTRIC ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ● Descending   ○ Ascending

Display Options:  All Entries

---

**07/08/2021**  ☐  **Corporation Served**

Document ID - 21-SMCC-5289; Served To - KILLARK ELECTRIC; Server - PYLE, PERRY; Served Date - 07-JUL-21; Served Time - 00:00:00; Service Type - Territory 20; Reason Description - Served; Service Text - LC

**06/17/2021**  ☐  **Summons Issued-Circuit**

Document ID: 21-SMCC-5289, for KILLARK ELECTRIC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐  **Filing Info Sheet eFiling**

    **Filed By:** DOUGLAS B. PONDER

☐  **Note to Clerk eFiling**

    **Filed By:** DOUGLAS B. PONDER

☐  **Pet Filed in Circuit Ct**

Petition for Damages.

    **Filed By:** DOUGLAS B. PONDER

    **On Behalf Of:** ANTONIO T. REID

☐  **Judge Assigned**

---

EXHIBIT A

**21SL-CC02726**

Electronically Filed - St Louis County - June 17, 2021 - 03:20 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **ANTONIO T. REID**, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division No. ___ |
| | ) | |
| | ) | |
| **KILLARK ELECTRIC,** | ) | |
| Serve:  Manger on Duty | ) | |
| 2112 Fenton Logistics Park Blvd. | ) | |
| Fenton, MO 63026 | ) | |
| | ) | |
| **HUBBELL INCORPORATED,** | ) | |
| **D/B/A KILLARK ELECTRIC,** | ) | |
| Serve:  HOLD SERVICE | ) | JURY TRIAL DEMANDED |
| | ) | |
| **HUBBELL INCORPORATED** | ) | |
| **DELAWARE, D/B/A KILLARK** | ) | |
| **ELECTRIC,** | ) | |
| Serve:  HOLD SERVICE | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff and for his Petition for Damages against Defendants states:

### Nature of Action

1.     This action is brought pursuant to the Missouri Human Rights Act (MHRA),

chapter 213 RSMo., for discrimination and retaliation.

### Parties

2.     Plaintiff is an adult African-American male citizen of the State of Missouri.

3.     According to its website, Killark Electric was established in 1913 and is "a global

provider of harsh and hazardous location products" encompassing "industrial and explosion

1

Electronically Filed - St Louis County - June 17, 2021 - 03:20 PM

proof fittings engineered to withstand the toughest extremes in climate from the dry and arid Middle East, tropical Asia to frozen Northern Canada."

4.      Killark Electric's headquarters and principal place of business is located at 2112 Fenton Logistics Park Blvd., Fenton, MO 63026.

5.      Killark Electric is not registered with the Missouri Secretary of State as a legal entity, nor is it registered as a fictional name or d/b/a.

6.      Killark Electric's website also states that it is a "Hubbell Incorporated" company.

7.      Hubbell Incorporated is also not registered with the Missouri Secretary of State as a legal entity, nor is it registered as a fictional name or d/b/a.

8.      An entity named Hubbell Incorporated Delaware is registered with the Missouri Secretary of State.

9.      At all times relevant to this lawsuit, Defendants were employers within the meaning of the MHRA in that Defendants employed more than six employees in the State of Missouri.

<u>**Venue**</u>

10.      Venue is proper in St. Louis County because the unlawful discriminatory practices occurred in St. Louis County, Missouri.

<u>**Procedural Prerequisites**</u>

11.      On or about August 25, 2020, Plaintiff timely submitted a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR), through dual filing, wherein he alleged Defendant unlawfully discriminated and retaliated against him.

Electronically Filed - St Louis County - June 17, 2021 - 03:20 PM

12.     On or about March 22, 2021, the MCHR issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of his receipt of the Notice of Right to Sue.

**Factual Allegations**

13.     Plaintiff began working for Killark Electric in 2014 as a temp at Killark's facility in Fenton, MO.

14.     Plaintiff was subsequently hired on as a direct employee, and as such Plaintiff was an employee of Killark Electric at all times relevant to this Petition.

15.     Pleading hypothetically and in the alternative, Plaintiff was employed by Hubbell Incorporated d/b/a Killark Electric at all times relevant to this Petition.

16.     Pleading hypothetically and in the alternative, Plaintiff was employed by Hubbell Incorporated Delaware d/b/a Killark Electric at all times relevant to this Petition.

17.     Throughout Plaintiff's employment, Plaintiff and other African-American employees were treated worse than Caucasian employees.

18.     For example, Plaintiff and other African-American employees were given unreasonable and excessive amounts of work, and would then be disciplined for not completing all the assigned work.

19.     In January, 2019, Plaintiff's supervisor, Tony Tolie (Caucasian), intentionally kicked Plaintiff in the leg from behind.

20.     A fellow co-worker responded in shock, saying "that's assault."

21.     Upon information and belief, Tolie had never assaulted a Caucasian employee and, moreover, Tolie would not have assaulted Plaintiff if Plaintiff was Caucasian.

22.     HR was informed of the assault, but the HR representative, Lorie Sharp (Caucasian), did not seem to care that Tolie had assaulted Plaintiff.

Electronically Filed - St Louis County - June 17, 2021 - 03:20 PM

23.     Tolie was not terminated for the assault, and instead simply received a one-week suspension with pay.

24.     When Lorie Sharp from HR confronted Plaintiff about the alleged infractions raised by Tolie, Plaintiff denied committing the infractions, but Sharp, without proper investigation, simply told Plaintiff she did not believe him.

25.     In the spring of 2019, Plaintiff and another co-worker (both had dreadlocks at the time), were walking together when Lorie Sharp said to them: "where are you going with your gangster braids."

26.     Despite the fact that Tolie had assaulted Plaintiff, Tolie was promoted.

27.     Once Tolie was promoted, Plaintiff's new supervisor became Mike Baumgartner (Caucasian).

28.     Baumgartner was aware of the kicking incident occurring in January, 2019, as well as the fact that it was reported to HR.

29.     Baumgartner continued the harassment, mistreatment, and retaliation started by Tolie.

30.     For example, in addition to excessive work assignments and unwarranted discipline, Baumgartner would follow Plaintiff around the warehouse constantly trying to catch him doing something wrong.

31.     Baumgartner would even follow Plaintiff into the bathroom.

32.     When doing so, Baumgartner would not use the facilities, he would just wash his hands and then exit when Plaintiff exited.

33.     In the spring of 2020, during a meeting with Baumgartner and Lorie Sharp, Plaintiff told Sharp he believed the conduct towards him was racist, and Sharp responded by

Electronically Filed - St Louis County - June 17, 2021 - 03:20 PM

telling Plaintiff to retract the statement otherwise she would call the Fenton Police Department and accuse claimant of being aggressive.

34.    Plaintiff has received unwarranted discipline at least twice after February 27, 2020.

## Count I – Hostile Work Environment - Race

35.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

36.    Plaintiff was subjected to unwelcome harassment during his employment with Defendant(s).

37.    This unwelcome harassment adversely affected Plaintiff's employment, because the hostile environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress.

38.    Defendant(s) knew or should have known of the harassment Plaintiff was enduring.

39.    Defendant(s) failed to take prompt and appropriate corrective action to end the harassment.

40.    The harassment Plaintiff endured was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of his employment.

41.    Plaintiff believed that his work environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the work environment to be hostile and abusive.

Electronically Filed - St Louis County - June 17, 2021 - 03:20 PM

42.     The harassment against Plaintiff was based on his race and his race was the motivating factor to Defendants' discriminatory actions and harassment against Plaintiff.

43.     Plaintiff was damaged as a result of Defendants' actions.

44.     Defendants' conduct of allowing a hostile work environment was outrageous because of an evil or malicious motive and/or reckless indifference to the rights of Plaintiff, in that Defendant(s) intentionally allowed the hostile work environment to continue, and did not rectify the situation despite having actual or constructive knowledge of the situation.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant(s) for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

## Count II – Hostile Work Environment - Retaliation

45.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

46.     Plaintiff was subjected to unwelcome harassment during his employment with Defendant.

47.     This unwelcome harassment adversely affected Plaintiff's employment, because the hostile environment made it difficult for Plaintiff to perform his job duties and caused him great emotional distress.

48.     Defendant(s) knew or should have known of the harassment Plaintiff was enduring.

49.     Defendant(s) failed to take prompt and appropriate corrective action to end the harassment.

Electronically Filed - St Louis County - June 17, 2021 - 03:20 PM

50.　　The harassment Plaintiff endured was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of his employment.

51.　　Plaintiff believed that his work environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the work environment to be hostile and abusive.

52.　　The harassment against Plaintiff was based on his opposition to discrimination and Plaintiff's opposition to discrimination was the motivating factor to Defendants' discriminatory actions and harassment against Plaintiff.

53.　　Plaintiff was damaged as a result of Defendants' actions.

54.　　Defendants' conduct of allowing a hostile work environment was outrageous because of an evil or malicious motive and/or reckless indifference to the rights of Plaintiff, in that Defendant(s) intentionally allowed the hostile work environment to continue, and did not rectify the situation despite having actual or constructive knowledge of the situation.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant(s) for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

## Count III – Race Discrimination

55.　　Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

56.　　Plaintiff is African-American, and therefore is a member of a protected group.

7

Electronically Filed - St Louis County - June 17, 2021 - 03:20 PM

57.     Defendant(s) took adverse employment action against Plaintiff when it formally disciplined him numerous times following February 27, 2020.

58.     Defendants' discipline was based on his race and was the motivating factor to Defendants' discriminatory action against Plaintiff.

59.     Plaintiff was damaged as a result of the adverse employment action taken against him.

60.     Defendants' conduct as set forth above was outrageous because of an evil or malicious motive and/or reckless indifference to the rights of Plaintiff, in that Defendant(s) intentionally discriminated against Plaintiff without just cause or excuse and in violation of the law.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant(s) for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

## Count IV – Retaliation

61.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

62.     Plaintiff opposed discrimination as described above.

63.     Plaintiff had a reasonable belief he was being discriminated against.

64.     Defendant(s) took adverse employment action against Plaintiff when it formally disciplined him.

65.     Defendants' termination of Plaintiff was based on his opposition to discrimination and was the motivating factor to Defendants' discriminatory action against Plaintiff.

Electronically Filed - St Louis County - June 17, 2021 - 03:20 PM

66.     Plaintiff was damaged as a result of the adverse employment action taken against him.

67.     Defendants' conduct as set forth above was outrageous because of an evil or malicious motive and/or reckless indifference to the rights of Plaintiff, in that Defendant(s) intentionally discriminated against Plaintiff without just cause or excuse and in violation of the law.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant(s) for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

<u>**CONSTITUTIONAL CHALLENGE**</u>
<u>**APPLICATION OF SENATE BILL 43, AND ANY PROVISIONS THEREIN, AND**</u>
<u>**SENATE BILL 591, AND ANY PROVISIONS THEREIN, TO THIS CAUSE OF ACTION**</u>
<u>**WOULD VIOLATE THE CONSTITUTION**</u>

68.     SB 43 and SB 591, which both purport to limit plaintiff's relief under Missouri Human Rights Act (MHRA) cases, violate:

a.     Plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution, because: (i) The cap on damages irrationally treats plaintiffs in MHRA cases differently than other tort cases; and (ii) The cap on damages irrationally treats plaintiffs with severe injuries and large damages differently than those with little damages;

b.     Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution because it unreasonably deprives plaintiffs of full and fair compensation for their injuries.

Electronically Filed - St Louis County - June 17, 2021 - 03:20 PM

     c.     Plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution, because the statute fails to provide a reasonable substitute for the damages denied to plaintiffs under the statute;

     d.     Plaintiff's right to a trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to a trial by jury as provided for in the Constitution includes the right to have a jury determine all of plaintiffs' damages without interference by legislature;

     e.     The separation of powers, established by Article II, Section 1 of the Missouri Constitution, because it is within the fundamental and inherent function of the courts, not the legislature, to remit verdicts and judgments; and

     f.     The prohibition against special laws granting to any corporation, association or individual any special or exclusive right, privilege, or immunity, established by Article III, Section 40 (28) of the Missouri Constitution, because the cap (1) arbitrarily distinguishes between slightly and severely injured plaintiffs; (2) arbitrarily distinguishes between plaintiffs with identical injuries; (3) arbitrarily distinguishes between individual types of injuries; and (4) arbitrarily distinguishes between tortfeasors based on the number of employees they have.

     69.     SB 43, which purports to provide that the MHRA, the Workers' Compensation chapter, and the general employment law chapter, shall be the exclusive remedy for any and all claims for injury or damages arising out of the employment relationship, violates Plaintiff's right to a trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to a trial by jury as provided for in the Constitution includes the right to have a jury determine all of plaintiffs' damages for all possible claims without interference by legislature; Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri

Electronically Filed - St Louis County - June 17, 2021 - 03:20 PM

Constitution because it unreasonably deprives plaintiffs of full and fair compensation for their injuries; Plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution; and purports to limit Plaintiff's ability to bring Federal claims in state court, which violates the supremacy clause, Article VI of the U.S. Constitution.

70.      Applying any aspects of SB 43 or SB 591 that are substantive retroactively to this claim would violate Article I, Section 13 of the Missouri Constitution.

71.      The Missouri Attorney General has been served with a copy of this Petition pursuant to Missouri Rule 87.04 and Section 527.210, RSMo.

Wherefore, Plaintiffs ask for the Court to declare that Senate Bill 43 and Senate Bill 591 and their enacted statutory provisions are unconstitutional and therefore to apply the laws in effect before their enaction and to provide such other relief as this Court deems proper and just.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant(s) for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By____/s/ Douglas Ponder_____
     Douglas Ponder, #54968
     dbp@ponderzimmermann.com
     Jaclyn M. Zimmermann, #57814
     jmz@ponderzimmermann.com
     20 South Sarah Street
     St. Louis, MO  63108
     Phone:      314-272-2621
     FAX:         314-272-2713
     *Attorneys for Plaintiff*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  21SL-CC02726 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ANTONIO T. REID<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS B. PONDER<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO  63108 | |
| Defendant/Respondent:<br>KILLARK ELECTRIC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | **SHERIFF FEE PAID** |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  KILLARK ELECTRIC**

        **Alias:**

**2112 FENTON LOGISTICS BLVD.**
**FENTON, MO  63026**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

        **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

        <u>17-JUN-2021</u>
        **Date**                                          /Clerk

        **Further Information:**
        **MT**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____       _____
    Printed Name of Sheriff or Server                           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

        My commission expires: _____       _____
                                   Date                         Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.   **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

**For more information call: 314-615-8029**





# RETURN

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number: 21SL-CC02726 |
|---|---|
| Plaintiff/Petitioner:<br>ANTONIO T. REID | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS B. PONDER<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO 63108 |
| vs. | |
| Defendant/Respondent:<br>KILLARK ELECTRIC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | **SHERIFF FEE PAID** |

**FILED** (Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  KILLARK ELECTRIC

2112 FENTON LOGISTICS BLVD.
FENTON, MO  63026

Alias:

JUL 14 2021

JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

*COURT SEAL OF*

*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>17-JUN-2021</u>
Date

_____
Clerk

Further Information:
MT

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____Diana_____ (name) _____HR_____ (title).

☐ other _____

Served at _2112 Fenton Logistics_ (address)

in _STL_ (County/City of St. Louis), MO, on _7/7/2021_ (date) at _1206_ (time).

_Perry Pyle_
Printed Name of Sheriff or Server

_Perry Pyle_
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $  10.00 |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* Document ID# 21-SMCC-5289     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo